A. D. SHOCKLEY v. F. A. TUCKER, Appellant.

**Malpractice:** IMPROPER TREATMENT: EVIDENCE. It was not preju-
dicial error to permit physicians of a different school than the
defendant in an action for malpractice, who were shown com-
petent to testify as to the nature of burns caused by an
improper use of the x-ray, to testify that the x-ray treatment
was not proper in cases of appendicitis, where the case was
submitted solely on the question of defendant's negligent use
of the x-rays.

**Negligence:** OTHER SIMILAR ACTS. In an action for the negligent
use of an x-ray machine, evidence that defendant had injured
other patients than plaintiff by his treatment was incompetent.

**Improper treatment:** EVIDENCE. The fact that plaintiff was se-
verely burned by the use of the x-ray, was in itself evidence
of improper treatment.

**Reduction of verdict:** OBJECTION. A defendant cannot complain
on appeal that the court arbitrarily reduced the verdict without
giving the plaintiff the option of accepting the reduction or
submitting to a new trial.

*Appeal from Marshall District Court.*— HON. G. W. BURN-
HAM, Judge.

FRIDAY, MAY 5, 1905.

ACTION to recover damages for injuries suffered by
plaintiff by having his body burned by the use of an X-ray
machine, while being treated by defendant, as a physician,
for appendicitis. Verdict and judgment for plaintiff. De-
fendant appeals.— *Reversed.*

*J. L. Carney,* for appellant.

No appearance for appellee.

McCLAIN, J.— The allegations of the petition are broad

enough to cover negligence in the use of the X rays as a treatment for appendicitis, and also negligence in the method in
1. MALPRACTICE: improper treatment; evidence.
which the X rays were used; and evidence was introduced for plaintiff as to both forms of negligence. The complaint of appellant with reference to the testimony of physicians that the X-ray treatment was not a proper one for appendicitis was objected to on the ground that the witnesses did not belong to the same school of medicine as the defendant, and counsel argues that a physician should be judged in an action for malpractice only in accordance with the theories of his own school of medicine, as shown by those familiar with it. But the case was submitted to the jury solely on the question whether defendant had been negligent in his method of using the X rays. As we think, this was a question of science and skill, wholly independent of the methods of treatment of any particular school. That the plaintiff was severely burned in his abdomen by the use of the X rays, and suffered great pain and extended, if not permanent, disability therefrom, is clearly shown; and we hardly think it would be contended that such burning was proper treatment for any disease, or in accordance with the theories of any school. As the case was allowed to go to trial on both theories of negligence presented by the petition, it was competent for plaintiff to introduce evidence showing that the X-ray treatment for appendicitis was not approved by physicians; and the objection that the physicians thus testifying were not of the same school as the defendant, even if improperly overruled, cannot now be made the basis of an assignment of error. The witnesses were shown to be competent to testify as to the nature of the burns which are caused by an improper use of the X rays; and, whatever error may have been committed in allowing them to testify as to whether the X-ray treatment was proper for appendicitis, it was without prejudice.

A witness for plaintiff was asked whether he had been called in various cases to perform the operation of skin graft-

ing for burns by X rays, and, having answered in the affirma-

**2. NEGLIGENCE: other similar acts.** tive, was asked, over defendant's objection, whether he had performed several operations of that kind on patients of the defendant. He answered that he had thus treated only two of defendant's patients. The tendency of the question and answer was plainly to indicate to the jury that defendant had injured other patients than plaintiff by his X-ray treatment, and that he was either incompetent or negligent in regard to such treatment. But it was not proper, in making out a case for plaintiff, to show incompetence or negligence in other cases by proving the results of his treatment in such cases. The objection to the question should have been sustained, and the ruling admitting the evidence was well calculated to prejudice defendant's case.

It is contended that there was no evidence to show negligence on the part of the defendant in the use of the X-ray machine; but the witnesses familiar with the results of the

**3. IMPROPER TREATMENT: evidence.** use of X rays on the human body testified that the form of treatment might be such as to be injurious or not, depending on the length of time of application and the proximity of the machine to the body. We think the fact that plaintiff was severely burned is some evidence in itself that the treatment was improper, and it cannot be said that the verdict lacks support in this respect in the evidence.

In a general way, objection is made to the instructions given, but an examination of them leads to the conclusion that they were without material error. The court did not, as counsel for appellant assumes, allow the jury to find for the plaintiff on the theory that the X-ray treatment was not proper for appendicitis, but, as we read the instructions, limited the jury to consideration of the question whether the method used in applying the treatment was improper and negligent.

There was not a want of proof of freedom from con-

tributory negligence, as is contended for by counsel; but there was sufficient evidence on the subject to go to the jury, and the instructions with reference thereto were full and explicit.

A verdict was returned for $1,295, which the court on motion for new trial reduced to $800, rendering judgment against the defendant for that amount. Were the plaintiff appealing, we might be required to reverse because the trial judge did not give the plaintiff the option of accepting judgment for the reduced amount or having a new trial; but certainly defendant has no cause to complain in this respect, for the reduction was in response to his own motion.

4. REDUCTION OF VERDICT: objection.

For the error pointed out, the judgment should be reversed. We have not elaborated the questions presented, for the reason that we are without an argument for appellee, and therefore think it sufficient to state our conclusions.— *Reversed.*