## UNGER v. GRIMSLEY.*

(Division A. March 16, 1925. Suggestion of Error Overruled April 13, 1925.)

[103 So. 341. No. 24750.]

1. PHYSICIANS AND SURGEONS. *Evidence of other burns by X-ray machine held inadmissible.*

Where a defendant was charged with negligently using an X-ray machine on plaintiff, so that plaintiff was thereby badly burned, evidence, that two years after the injury complained of while using a different X-ray machine the defendant burned another person, was inadmissible.

2. APPEAL AND ERROR. *Rulings on admissibility of evidence presumed correct if stenographer's notes of such evidence are not made part of record.*

The court's rulings upon the admissibility of evidence will be presumed to be correct where the stenographer's notes of such evidence are not made a part of the record.

3. EVIDENCE. *Testimony, as to contents of records showing result of blood test not shown to pertain to blood of person in question, inadmissible.*

In action against physician for negligent burns with X-ray machine, in absence of showing that proffered testimony pertained to blood specimen of plaintiff, it was inadmissible, regardless of its

admissibility as public record under Code 1906, Section 2487 (Hemingway's Code, Section 4836), and Hemingway's Code, Section 4872. '

*Headnotes 1. Physician and Surgeon, 30 Cyc., p. 1587 (1926 Anno); 2. Appeal & Error, 4 C. J., Sections 2324, 2699; 3. Evidence, 22 C. J., Section 901.

APPEAL from circuit court of Clay county.
HON. J. I. STURDIVANT, Judge.

Action by B. S. Grimsley against J. W. Unger. From a judgment for plaintiff, the defendant appeals. Reversed, and remanded.

*McClellan & Tubb,* and *Gates T. Ivy,* for appellant.

Other specific instances of alleged negligence cannot be introduced to show general negligence when the declaration alleges specific negligence and damages resulting therefrom. The court permitted over the objection of the defendant, the plaintiff to examine Dr. Unger in regard to an alleged burn inflicted on Mr. Evans two years subsequent to the alleged burn in this case. The witness responding to a question from the court stated that he used a different and improved machine at the time Mr. Evans was burned.

The sole purpose of this testimony was to show to the jury that appellant had burned another person at a different time, from which the jury would naturally infer that the appellant was not a capable and competent operator of the X-ray machine. Which evidence was calculated and in fact did prejudice the minds of the jury against appellant. We are unable to find any authority which would justify the introduction of testimony or proof of other specific acts of negligence which occurred subsequent to the specific act on which the suit is based, where general negligence was not alleged. The great weight of authority, we think, holds that other specific instances whether they occurred prior or subsequent to the act on which the suit is based are inadmissible as evi-

dence to prove specific negligence. *Miss. Central Railroad Company* v. *Miller,* 40 Miss. 45; *Tribett* v. *Railroad Company,* 71 Miss. 212.

It is an established rule of law that a doctor has only to use ordinary skill and care as used by men in the same profession in the community in which he lives and that other specific instances of negligence are not admissible on a trial for a negligent act. *Sharkey* v. *Tucker,* 127 Iowa 156, 103 N. W. 360, cited in notes 28 L. R. A. (N. S.) 263; *Baker* v. *Hancock,* 29 Ind. App. 456, 63 N. E. 323; *Lacy* v. *Kossuth Cannon,* 106 Iowa 16, 75 N. W. 689, 29 Cyc. 611, art. XI; *Hudson* v. *Chicago R. R. Co.,* 44 Am. Rep. 692; *Cleveland R. R. Co.* v. *Wyant,* 5 Am. St. Rep. 644; *Phillip* v. *Willow,* 5 Am. St. Rep. 114; *Parker* v. *Portland Pub. Co.,* 31 Am. Rep. 262, 69 Me. 173; *Springer* v. *Tacoma Traction Co.,* 43 L. R. A. 796; *Supreme Lodge* v. *Baker,* 50 So. 958, Ala. case; *Hubbard* v. *City of Concord,* 69 Am. Dec. 520; *Branch* v. *Libby,* 57 Am. Rep. 810.

## II.

The court erred in refusing to admit the testimony of Dr. T. H. Henry and Dr. T. W. Kimmerer offered by the appellant on the hearing of the motion for a trial *de novo* and in refusing to grant a trial *de novo*.

There are two grounds upon which we think the testimony of Dr. Henry and Dr. Kimmerer is admissible: 1. That the relation of patient and physician was never established between Dr. Henry and Appellee Grimsley in that Dr. Henry examined appellee only for the purpose of testifying in this law suit. 2. The records of the laboratory of the state board of health are required to be kept by law and are public records and documents and are admissible in evidence in this case and any testimony is admissible that will tend to identify these records and it is competent for doctors to testify as to the common meaning of the technical words and phraseology contained in said records.

138 Miss.—38.

The facts which support the contention set out in the first ground are not in the record because the stenographers notes taken at the hearing of the motion for a trial *de novo* are not in the records. So we shall confine our argument to the second ground. See sec. 4836, Hemingway's Code (sec. 2487, Code 1906); Sec. 4872, Hemingway's Code (ch. 149, Laws 1912). Both of the above sections have reference to the state board of health. The laboratory of the state board of health is under direct supervision of the executive secretary. All records made and kept by this laboratory or its director are required by sec. 4836 of Hemingway's Code. This makes them public records. Any citizen of the state may avail himself of the services of the laboratory free of charge. The records and correspondence of the laboratory are therefore admissible in evidence unless protected by privilege. This view is upheld in the following citations: 10 R. C. L., page 1128, sec. 335; 3 Wigmore on Evidence (3 Ed.), 406, sec. 1639; Jones on Evidence (3 Ed.), 793, sec. 508; Greenlief on Evidence (15 Ed.), 644, sec. 496; and in the case of *Evanston* v. *Gunn,* 99 U. S. 660, 25 L. Ed. 306.

We think no privilege exists as to any record of the state board of health. Section 4872, Hemingway's Code, makes all records of birth, sickness and death competent evidence admissible in any court. Is not the record of the state laboratory of an examination of a person's blood showing a venereal disease a record of a sickness of that person? Is not all privilege of the doctor examining the blood and the doctor who secured the blood from the patient waived by this statute?

If the court should hold that the records of the state laboratory of sickness are not made admissible by sec. 4872 of Hemingway's Code, we still think they are admissible because of their public nature.

*McKeigney & Latham,* for appellee.

The storm center of appellant's contention is that plaintiff was permitted over objection, to show that

he had burned another patient in an effort to make a photograph. It may be conceded that this was error, but if error, it is harmless error in this case, in view of all the testimony in the record which shows an utter lack of skill on the part of appellant in the use of the X-ray apparatus.

We respectfully submit that the evidence—all the testimony of Dr. Unger himself, appellant in this case, shows utter lack of skill on his part in the use of the X-ray machine in the practice of X-ray photography, and not only actual negligence, but gross indifference to consequences in and about his efforts to make an X-ray picture for plaintiff.

His own testimony shows his utter incompetency. Without the evidence of the burn inflicted on Mr. Evans by the appellant, the jury, we respectfully submit, would hardly have been warranted in rendering any other verdict than that rendered. The plaintiff's case was fully made out by all the other evidence in the case. The evidence introduced by plaintiff proved his case. The jury, on the evidence offered by plaintiff, had ample warrant for their finding. The testimony of Dr. Unger, the defendant, made plaintiff's case much stronger. The defendant, himself, as a witness in his own behalf, admitted the defective condition of his X-ray apparatus; yet he tried to use it for the purpose of photographing plaintiff's hip.

Nor can it be said with certainty, that the ruling of the trial court admitting the evidence of another X-ray burn was wrong in view of the holding of this court in *Hill* v. *Jackson Light & Traction Co.,* 70 So. 401, which was an action for damages caused by an electric shock received while a passenger on a street car. In that case this court held that evidence of shocks received by other passengers on other occasions while riding in the car was competent.

Appellant's motion for new trial was properly overruled. He was seeking by his motion for a new trial, an opportunity to offer testimony relative to a privileged

matter. But this is not in the record, and, of course, not before the court. He thinks that the records of the state board of health and the testimony of Dr. Kimmerer offered at the hearing of the motion ought to have been held sufficient to sustain the motion, and counsel emphasize the proposition that the records are public and that appellee can have no privilege in this—that he waived his privilege when he consented that a specimen of his blood might be sent to the state laboratory for examination. If this contention be sound, the appellant is still at sea, because the records of the state board of health do not show that a blood specimen of appellee, B. S. Grimsley, was received. Appellant wants to contradict those records by oral testimony, and be permitted to show that an entry in those records of the name of one Dix is B. S. Grimsley, yet there is no suggestion that the entry was erroneously made, but they want to change a record by oral evidence which they say was solemnly and deliberately made and imports absolute verity. Of course, this will not do.

There was no error in overruling the motion for new trial. On the whole record the verdict is right. If there is error in the record, it is harmless in view of the whole record; and we respectfully submit that the judgment should be affirmed.

Argued orally by *Thompson McClellan* and *T. J. Tubb,* for appellant, and *A. F. McKeigney,* for appellee.

Cook, J., delivered the opinion of the court.

This suit was instituted by B. S. Grimsley against J. W. Unger, a physician, seeking to recover damages for a burn alleged to have been caused by the defendant's negligence and unskillfulness in applying X-rays to plaintiff's hip, and, from a judgment for the plaintiff for the sum of two thousand dollars, this appeal was prosecuted.

The record discloses that the appellee sustained an injury to his right hip on December 19, 1917, the injury

being caused by a falling tree, and that thereafter the
pain localized at a particular place on the hip. He was
under the continuous care and treatment of a physician
until about March 31, 1918, when, at the suggestion of
his attending physician, he went to Dr. J. W. Unger, a
duly qualified and licensed physician, for the purpose of
having an X-ray picture of his injured hip made. The
appellant attempted to make the picture, but the testi-
mony is in sharp conflict as to the number of exposures,
and the length of these exposures, but none of the ex-
posures resulted in a satisfactory radiograph. We
shall not set out this conflicting testimony as to the num-
ber and length of these exposures, and as to the method
and manner of applying the X-ray, and as to the occur-
rences during the various attempts to secure a satisfac-
tory radiograph, as this testimony is not material to the
disposition of the question which we consider decisive
of this appeal. The record further discloses that, about
ten days after this attempt to secure the radiograph, a
severe burn or sore developed on appellee's hip at or
near the place where he had previously suffered the
greatest pain, that being the spot where the X-ray had
been applied. According to the testimony for the plain-
tiff, this sore was a very malignant one and was the re-
sult of an X-ray burn of great severity, and caused the
appellee to suffer intense pain over a long period of time.

During the cross-examination of the defendant, and
over his objections, he was required to testify in regard
to an alleged X-ray burn inflicted by him on another per-
son two years after the alleged burn of appellee. It was
shown that this second burn was inflicted under entirely
different circumstances, and with a different machine,
and we think this testimony was inadmissible and highly
prejudicial. In the case of Kress & Co. v. Markline, 117
Miss. 37, 77 So. 858, Ann. Case. 1918E, 310, it was held
that evidence of other accidents or injuries occurring
from the same cause, under practically similar condi-
tions, was admissible, for the purpose of showing notice
or knowledge on the part of the defendant of a defective
or dangerous condition or manner of operation, and to

show a dangerous or defective character or condition of an appliance or place, but upon neither ground would evidence of another injury, or similar instance of alleged negligence on the part of the defendant, occurring two years after the injury complained of, and resulting from the use of a wholly different appliance or machine, be admissible. 29 Cyc. 611 and 612; *Shockley* v. *Tucker,* 127 Iowa, 456, 103 N. W. 360.

The appellant next assigns as error the action of the court in refusing to admit the testimony of Dr. T. H. Henry and Dr. T. W. Kimmerer, offered by the appellant on the hearing of a motion for a new trial, and in refusing to grant a new trial. The proffered testimony of Dr. T. H. Henry was excluded on the ground that it came within the protective rule of confidential communications between physician and patient as provided by section 3695, Code of 1906 (section 6380, Hemingway's Code), and the appellant now contends that the testimony failed to establish the relation of physician and patient. The stenographer's notes of the testimony which was taken on the motion for a new trial are not in the record, and, in the absence of this testimony, the presumption in favor of the correctness of the ruling of the court thereon must prevail.

As to the contention of the appellant that the testimony of Dr. T. W. Kimmerer, director of the state hygienic laboratory, as to the contents of certain records of his office showing the result of a certain blood test, was admissible as a public record under section 2487, Code of 1906 (section 4836, Hemingway's Code), and section 4872, Hemingway's Code, we express no opinion. since it was not shown that the proffered testimony pertained to a blood specimen of the appellee, and consequently it was for that reason inadmissible.

Upon the testimony in the record we think the case was one for the determination of a jury, but for the error in admitting testimony of a subsequent burn of another person, the judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*