PREWETT *v.* PHILPOT *et al.*\*

(Division A. April 26, 1926.)

[107 So. 880. No. 25503.]

1. PHYSICIANS AND SURGEONS.

Surgeon must exercise reasonable care when operating to prevent hurtful foreign matter getting into and remaining in wound.

2. PHYSICIANS AND SURGEONS. *Leaving open window during operation, whereby bugs got into wound, authorizes finding of negligence, in absence of reasonable explanation.*

Leaving open or opening window during operation, whereby small bugs got through the screen and into the wound, authorizes finding of negligence, in absence of reasonable explanation for the opening.

3. PHYSICIANS AND SURGEONS. *Weight of testimony that it would not be negligence to raise window during operation held for jury.*

Weight and sufficiency of testimony, not objected to, that witness did not think it would be negligent to raise window during a surgical operation "on an average day in June in this country," would be for jury.

---

\*Corpus Juris-Cyc. References: Physicians and Surgeons, 30 Cyc., p. 1570, n. 19; p. 1587, n. 78; p. 1588, n. 85.

APPEAL from circuit court of Chickasaw county.

HON. T. E. PEGRAM, Judge.

Action by Cortez Prewett against Dr. V. P. Philpot and another. From a judgment on a verdict directed for defendants, plaintiff appeals. Reversed and remanded.

*S. H. Long,* for appellant.

I. The point at issue in this case is: Whether or not it is negligence *per se* to leave foreign substance in a wound from which infection arises; and if it be proved that such was the case, if it does not then devolve upon the surgeon to exculpate himself and that the doctrine of

"*res ipsa loquitur*" applies to the extent that the fact that the bug gets in the incision shows that negligence existed.

We cite in support of this view: *Zilke* v. *Johnson,* Ann. Cas. 1913E 1005; *Saucier* v. *Ross,* 112 Miss. 306; *Harris* v. *Fall,* 3 Negligence Compensation Cases Ann. 176; *Gillett* v. Tucker, 93 A. S. R. 639, and exhaustive note; *Davis* v. *Rodman,* 13 A. L. R. 1463; *Davis* v. *Kerr,* 46 L. R. A. (N. S.) 611; *Palmer* v. *Huniston,* 45 L. R. A. (N. S.) 640; *Harris* v. *Fall,* 27 L. R. A. (N. S.). 1174.

There can be no contention that we did not prove that the bugs came out of the wound and that the only opportunity they had of getting in was during the operation or while in the hospital. The operation was not urgent; the doctor had already put it off four or five hours; and, certainly, it was negligence to continue an operation when the room was full of bugs. The circumstances show that the room was full of bugs before they had begun to give ether.

II.   Each and every reason given for sustaining the motion for peremptory instruction is based on testimony which is incompetent and was objected to by the appellant.

Opinion evidence is admissible only on some point which cannot be explained to and grasped by the jury, making the opinion of an expert on this line valuable and helpful and this is allowed only when the opinion is not directly decisive of the main question which the jury is to determine. 5 Encyc. of Evidence, 526, and cases cited thereunder; 11 R. C. L. "Expert and Opinion Evidence" at p. 591; *Foster* v. *State,* 70 Miss. 755; *Dillard* v. *State,* 58 Miss. 368; *Anonymous,* 37 Miss. 54; *Ice Company* v. *Holliday,* 106 Miss. 714.

In the light of the fact that Dr. Reed was not even qualified as an expert on surgical questions, certainly his opinion evidence should have been excluded. And had he been competent to so testify, the proper procedure would have been to have examined him as to the methods

used by other surgeons and then let the jury decide the issue. The court erred, we think, in examining Dr. Berry as to his opinion on whether it was negligent on an *average* June night to operate with the windows open— when the doctor had just testified in answer to a proper question that he did not open his windows except in extremely hot weather, and then said he opened only *a window*. Certainly the jury could have decided whether or not the windows were properly open if the surgeons testified to them that they did or did not leave theirs open.

*J. H. Ford* and *Rush H. Knox,* for appellees.

I. One assignment of error is that the court examined Dr. C. R. Berry regarding his opinion as to whether operating on any night in June with the windows open was negligence, and that the attorney for appellees examined Dr. Reid as to his opinion on the same matter and as to the care and caution in the operation.

An examination of Dr. Berry's entire testimony will show that not a single objection was made on the part of appellant throughout the entire course of his examination. He was introduced by appellant as an expert. It was also agreed at the outset that Dr. Reid was a qualified, licensed, practicing physician, a graduate of a medical college and an expert. There is no merit whatever in this assignment.

II. The last assignment is that the court erred in sustaining the motion to exclude the evidence and directing a verdict for the defendant.

How could the court have permitted this case to go to the jury under the proof shown by this record? Even if it could be said that a weevil and a little bug did work out forty-eight and fifty days after the operation and that they got into the wound during the operation, still the proof shows conclusively that every precaution was taken that could have been to prevent them from doing

so, that no screen could keep them out, that they had to be contended with at every other hospital and that this hospital was first-class in every respect.

Appellant did not prove that the bugs got into the wound during the operation. No witness so testified. The proof showed the contrary. His own proof showed that such bugs could not have stayed in the wound and remained intact forty-eight or fifty days.

In cases such as the one at bar, the burden is upon the plaintiff to prove negligence on the part of the defendant and that the required care and skill were not exercised, failing in which he must lose his case, as is fully illustrated in *Gouner* v. *Brosnan,* 155 La. 1, 98 So. 681, 21 R. C. L., p. 406, par. 49. To such cases the doctrine of *"res ipsa loquitur"* has no application, for such small things are not large enough to "speak for themselves" by their mere presence, but might get into the wound and be left in spite of the exercise of the required ordinary care and caution. Such could not ordinarily be the case with a four-inch rubber tube, a band of gauze or a cheese-cloth sponge, the articles referred to in the cases cited.

SMITH, C. J., delivered the opinion of the court.

This is a suit by Cortez Prewett, a minor, by his father and next friend, against Dr. Van Philpot and the Houston Hospital, for an injury which he alleges he received because of the negligence of Dr. Philpot and the hospital while a surgical operation was being performed on him at the hospital by Dr. Philpot.

The operation was for appendicitis, and was performed by Dr. Philpot in an operating room of the hospital at night in June. One or more windows to the room were left open during the operation; they were screened with wire, but a large number of bugs came through them, and were in the room while the operation was being performed. They were small, hardshell beetles about the size of a corn weevil, and, in order to

prevent their getting into appellant's wound, a nurse fanned him constantly, and several times the wound was covered by a piece of gauze, and an electric light immediately above the operating table was turned off and lights on the walls of the room were turned on so that the bugs would be attracted from the patient thereto. These bugs were too small to be kept out of any screen that would have been suitable for ventilating the room. It does not appear from the evidence whether the windows were opened before or not until after the operation was begun.

The appellant was discharged from the hospital by Dr. Philpot about ten days after the operation, and a few days thereafter his wound became inflamed and pus began to form therein to such an extent as to necessitate his being again carried to the hospital, where he remained for some days, during which time Dr. Philpot reopened his wound and drained and treated it. Before the appellant returned to the hospital two bugs of the kind which were in the room while he was being oper on were gotten out of his wound by his mother, and the jury would have been warranted in believing from the evidence that the bugs got into the wound while the operation was being performed, and caused it to become inflamed and the pus to accumulate therein.

The damage sought to be recovered is for the pain which the appellant suffered after his first discharge from the hospital, because of the pus which formed in the wound, and the reopening and subsequent treatment thereof.

A physican who was present at the operation testified that the opening of the windows made it feel "a lot better to us who were in there, and it did not do the patient any harm." A surgeon who was not present at the operation testified that it is customary for the windows of a room to be closed while a surgical operation is being performed therein, though when the heat becomes oppressive "we raise a window;" that excessive heat might be injurious to the patient, and that he did not think it

would be negligent to raise a window during a surgical operation ''on an average day in June in this country.''

All of this appears from the evidence introduced by the appellant, which the court excluded, and directed the jury to return a verdict for the appellees.

A surgeon must exercise reasonable care when operating on a patient to prevent foreign matter that will be hurtful to the patient from getting into and remaining in the wound made in the course of the operation. *Saucier v. Ross,* 73 So. 49, 112 Miss. 306.

Assuming for the sake of argument that after the bugs got into the room where the appellant's operation was being performed the appellees did all that could have been done to keep them from getting into his wound, nevertheless the bugs would not have gotten into the room had the windows thereof been kept closed as they should have been, unless the operation could not have been properly performed without ventilating the room by opening the windows. While it appears from the evidence that the operation was performed on a hot night, it does not appear therefrom, first, that the windows were opened because of the heat; and, second, that the heat was so great as to make it necessary to open the windows in order for the operation to be properly performed. Some reasonable explanation for opening the windows must be given before the appellees can be held not to have been negligent in permitting the bugs to get into and remain in the appellant's wound.

Stress seems to have been laid in the court below, and by counsel for appellees here, on the testimony of one of the witnesses that he did not think it would be negligent to raise a window during a surgical operation ''on an average day in June in this country.'' This testimony was not objected to when given, and, assuming for the purpose of the argument that it was in response to a properly framed question, its weight and sufficiency would have been for the determination of the jury.

A motion for a change of venue was made by the appellant and overruled, but it will be sufficient to say with reference thereto that the evidence fails to disclose that the appellant was entitled to a change of venue.

*Reversed and remanded.*