## ROBERTSON *v.* COPELAND

No. 40540          October 21, 1957          97 So. 2d 512

*Pierce & Waller,* Jackson, for appellant.

(1)

*Watkins & Eager, Harmon W. Broom,* Jackson, for appellee.

McGEHEE, C. J.

This is a suit to recover damages for the alleged malpractice by the appellee, both in the performance and in the manner of the performance, of what is known as a complete hysterectomy on the person of the appellant, Mrs. Laverne D. Robertson. From the action of the trial court in granting a directed verdict in favor of the defendant Dr. E. A. Copeland, the plaintiff appeals. The sole question involved on this appeal is whether or not the defendant was entitled to a peremptory instruction in his favor at the close of the plaintiff's testimony.

The plaintiff introduced the defendant as an adverse-party-witness, and during the course of his examination the hospital records which he had kept, supervised or approved, and which he relied upon as being correct, were introduced in evidence at the instance of his own counsel. On the basis of this hospital record pertaining to the plaintiff's case and the testimony of the defendant in regard thereto, two other local surgeons testified at considerable length, both as to whether the operation should have been performed at all at the time it was performed under the circumstances disclosed by the defendant's hospital records and his testimony, and as to whether or not the defendant had exercised that degree of skill and care that was reasonably necessary and proper under standard procedures followed by other surgeons in the

area of his practice.   The plaintiff also testified in her own behalf.

■■ ■ After reviewing at great length and in considerable detail in conference, the testimony of the defendant and the expert testimony of the other two surgeons, we have concluded that the hospital records and the testimony of the defendant on the one hand and the testimony of the other two surgeons on the other hand were in such conflict on a number of the material points at issue as to make the case a proper one for submission to the jury.

One of the other two expert surgeons introduced by the plaintiff began treating her about seven weeks after the operation had been performed on March 9, 1954, and he testified, after treating her until July 15, 1954, as to what was necessary to be done in an effort to rectify the condition in which she had been left after the said operation by the defendant, as complained of.  We think that his testimony and that of the other expert surgeon, when analyzed in connection with the testimony of the defendant and the facts disclosed by his hospital record, together with the testimony of the plaintiff, made a clear issue for the jury on conflicting testimony as to whether or not the defendant was justified in operating on the plaintiff at all at the time he did or in the manner in which the operation was performed; that the purported consent of the plaintiff in writing for the authorities of the defendant's hospital to do whatever was indicated or necessary would not of itself bar her right of action, that is to say, it was for the jury to say under all of the facts and circumstances as to whether or not the operation was justified in the manner in which the other expert had found it to have been performed when he operated on her again on July 15, 1954; and the conclusions reached by this other surgeon were corroborated by the testimony of the surgeon in giving his testimony in response to hypothetical questions.

It is true that the two other surgeons introduced by the plaintiff were asked in substance on behalf of the defendant as to whether the attending physician would be in the better position to determine what should be done at the time of the operation than other surgeons who were not present at that time. Of course they gave the inevitable answer that the attending physician would have been in the better position to determine what should be done. However, this does not necessarily mean that they were of the opinion that he properly used such knowledge and skill as he may have possessed, and which fact was for the determination of the jury upon all of the medical testimony shown by the record in this case.

Since the case is to be reversed and remanded for a new trial, we see no good purpose that could be served by detailing the tragic experience of the plaintiff or the facts later found by another surgeon which followed the operation on March 9, 1954. We agree with the contention of the defendant that there was no casual connection between her subsequent experience and the complaint made by the plaintiff as to the alleged want of the use of sanitary methods at the defendant's hospital or his failure to have used the services of a pathologist as to the condition of the organs of the body which the defendant had removed, but we think that there is ample conflicting testimony on other complaints raised by her, both as to whether or not the operation performed by the defendant should have been performed at all at the time it was performed and as to whether or not he used the standard procedures recognized and followed by other surgeons in the area of his practice of medicine and surgery, and that therefore the trial court was in error in directing a verdict in favor of the defendant and thereby withholding from the jury a decision of the material issues involved.

Our conclusion leads us to the decision that the case should be reversed and remanded for a new trial.

Reversed and remanded.

*Hall, Lee, Kyle* and *Holmes, JJ.*, concur.