Newport *v.* Hyde

No. 42469 December 3, 1962 147 So. 2d 113

*Floyd & Holleman, Clyde O. Hurlbert,* Gulfport, for appellant.

*Kelly McKoin,* Biloxi, for appellee.

ETHRIDGE, J.

This is a dental malpractice suit, from the Circuit Court of Jackson County, brought by Mrs. Wilma Newport against Dr. A. Lowell Hyde. The jury returned a verdict for defendant, but, because of material errors in an instruction, we reverse the judgment of the trial court based on that verdict.

Dr. Hyde, a registered dentist, had been treating Mrs. Newport's teeth at regular intervals for several weeks and had made an upper plate for her. On March 6, 1959, she went to him to make a final impression for a lower partial plate on the left gums. Dr. Hyde used an impression substance which he heated and placed in a metal gum mold. Before application to the gums, this substance was supposed to be cooled. Dr. Hyde placed the substance on Mrs. Newport's lower left gums and took the impression. She said it was extremely hot and burned her. He stated he had cooled it adequately,

had tested it against his and her wrists, and it was not too hot for application, but was cooled sufficiently.

However, it is undisputed that he placed the impression substance on plaintiff's lower left gums, and that during the next two days, March 7 and 8, her lower left gums became very sore and painful, and had all the evidences of an extreme burn. On the following Monday, March 9, Mrs. Newport went to an internal medicine specialist, Dr. J. R. Foster. The left side of the lower jaw was red, with a grayish white membrane, and an inflammation of the soft tissues in that region. Mrs. Newport was running a fever. There were lymph nodes on the left side, below the jaw and down the neck, which were enlarged and tender.

Dr. Foster said plaintiff had cellulitis of the left mandibular area, a soft tissue infection. He treated her with antibiotics for several days, during which she had chills and fever. The grayish white membrane on the lower left jaw later sloughed off, and the jawbone was exposed. She gave him a history of having received the burn when Dr. Hyde took an impression for a partial plate. The condition he found was consistent with that burn stated in her history. Dr. Foster knew of nothing else which could have caused that type of burn on the gums, localized to the lower left side. It could not be attributable to hot coffee or other hot liquid, because it was localized; the tongue and right side were not burned. The infection caused the lymph nodes. Toward the latter part of March, he discharged her as having received maximum benefit of treatment for the infection.

On March 10 Mrs. Newport also went to see Dr. Llewellyn J. Smith, a registered dentist. He and Dr. Eustice, also a dentist, took photographs of the lower left mandible of plaintiff. Those photographs, introduced in evidence, reflected the exposed bone of the jaw, which in his opinion could not have been caused by an extraction of teeth, and also showed the burns to

the left lower gums. He testified Mrs. Newport was in continuous pain, and he could not do very much for her until the healing process terminated. He had never seen a case of this type where the gums were burned in that manner. If the impression material is properly handled and cooled, according to professional dental practice, it could not burn the gums.

Dr. Hyde and his then fourteen-year-old daughter testified that on the date in question he made the impression on Mrs. Newport's jaw for the plate, it was amply cooled and tested before use, and she did not say anything about having received any burn. Nevertheless, it is undisputed that on March 6, 1959, Dr. Hyde made an impression for a dental plate on the lower left jaw of Mrs. Newport; and after she went home that area became extremely sore and painful. On March 9 she went to see Dr. Foster, a medical doctor, who found that she had an infection, with fever and chills, of the lower left mandibular area. He could think of no way for her to get such a localized burn, and infection from it, other than the method she recounted. Dr. Smith, a dentist, testified that he saw her on March 10, and treated her for some time thereafter. He also could think of no other way in which she could have gotten the particular burn on the lower left gums. With proper professional practice, it would not be possible for a patient to receive such a burn.

In the light of this undisputed testimony, several of the judges think the verdict is against the overwhelming, credible and believable evidence. However, we do not pass on that issue, because the case must be reversed for a materially erroneous instruction granted appellee.

That instruction stated: "The Court instructs you for the defendant, that a dentist is required only to have the degree of learning and skill ordinarily possessed by dentists of good standing practicing in the same locality, and that he shall use ordinary care in

applying that learning and skill to the treatment of his patients, and if you find that plaintiff has not shown by the preponderance of the evidence that the defendant did not, at the time of the alleged incident, possess a degree of learning and skill ordinarily possessed by dentists of good standing practicing in the same locality, namely, Biloxi, Mississippi, and that he did not use ordinary care in applying that learning and skill in his treatment of the plaintiff, then it is your sworn duty to return a verdict for the defendant.''

This instruction requires plaintiff to prove both lack of skill and want of care by Dr. Hyde in order to recover. The declaration did not charge any lack of skill. It averred that defendant was guilty of negligence which proximately contributed to plaintiff's injuries. Mrs. Newport was given two instructions based solely upon negligence, not lack of skill.

 ■ Malpractice liability may result either through lack of skill or neglect to apply it, if possessed. The two are separate, distinct bases of liability. 70 C. J. S., Physicians and Surgeons, Sec. 40; 41 Am. Jur., Physicians and Surgeons, Sec. 82. Gunter v. Whitener, 75 S. W. 2d 588 (Mo. 1934), illustrates this distinction. That case was submitted to the jury solely upon the theory of negligence in the treatment of the patient by a medical doctor. The court approved an instruction stating that the mere fact that defendant might have been competent and skillful constituted no defense to the action, if the jury found he was negligent in setting the fractured bones. The question of defendant's possession or want of skill was not an issue, and constituted no protection against a suit based upon negligence in treating the patient. See Louisell and Williams, Trial of Medical Malpractice Cases (1960), Secs. 8.01-8.13.

There have been relatively few cases in which it was found that a doctor did not possess the requisite skill or did not use his best judgment. The duties, a negligent

breach of which most often is charged, are to use reasonable care and diligence in the professional work, and not to depart from approved methods in general use. Louisell and Williams, Sec. 11.05; see generally, A Symposium on Professional Negligence, 12 Vand. L. Rev. 535-709 (1959). The instant suit is based on an alleged failure to use reasonable care and diligence in professional dental work.

 ██ As with a physician, a dentist is liable to his patient for a failure to exercise requisite skill and care. ██ He must possess that reasonable degree of learning, skill, and experience which ordinarily is possessed by others of his profession, and also he must exercise reasonable and ordinary care and diligence in the exertion of his skill and the application of his knowledge, and must exert his best judgment as to the treatment of the case entrusted to him. 41 Am. Jur., Physicians and Surgeons, Secs. 82, 88; 70 C. J. S., Physicians and Surgeons, Sec. 41; Annos., Duty and Liability of Dentist to Patient, 69 A. L. R. 1142 (1930), 129 A. L. R. 101 (1940); Louisell and Williams, ibid., pp. 624-629.

There are no Mississippi cases on dental malpractice, but the several medical malpractice cases apply these principles and are applicable here. Hood v. Moffett, 109 Miss. 757, 69 So. 664 (1915); Saucier v. Ross, 112 Miss. 306, 73 So. 49 (1916); Shaw v. Klein, 121 Miss. 411, 83 So. 620 (1920); Unger v. Grimsley, 138 Miss. 591, 103 So. 341 (1925); Prewett v. Philpot, 142 Miss. 704, 107 So. 880 (1926); Waddle v. Sutherland, 156 Miss. 540, 126 So. 201 (1930); Berryhill v. Nichols, 171 Miss. 769, 158 So. 470 (1935); Sanders v. Smith, 200 Miss. 551, 27 So. 2d 889 (1946); Rainey v. Horn, 221 Miss. 269, 72 So. 2d 434 (1954); Robertson v. Copeland, 232 Miss. 1, 97 So. 2d 512 (1957).

 ██ In summary, the defendant's instruction erroneously required Mrs. Newport to show both want of skill and lack of ordinary care in order to recover.

These are two separate, distinct grounds of liability. Plaintiff's suit was based solely upon an alleged want of care, or negligence, and it was error to tell the jury that it could not find for plaintiff unless she proved both of these factors. Moreover, that part of the instruction beginning "and if you find", etc., contains a double negative, and is misleading and is probably confusing to a jury. Because of improper instruction to the jury, this case is reversed and remanded.

Reversed and remanded.

*McGehee, C. J., and Kyle, Gillespie, and McElroy, JJ.,* concur.