## SAUCIER v. ROSS.

[73 South. 49.]

1. PHYSICIANS AND SURGEONS. *Negligence. Action for negligence. Defense. Evidence. Admissibility.*

Unexplained, the leaving of a four inch rubber tube in a patient's body by a physician until the wound healed over was negligence in the treatment of his patient.

2. SAME.

In such case it was no answer to the patient's suit for damages, that the rubber tube may. have been left in plaintiff's wound by an attendant nurse or another physician in the hospital, where the defendant was her physician and operated on her and attended her while in the hospital and the other physicians were acting under defendant's directions· in the treatment of her and defendant discharged her from the hospital at the time she left.

2. SAME.

In such case the fact that plaintiff and her husband after the discovery that the rubber tube had been left in her body telegraphed defendant their good wishes and sent him a christmas card, should not have been admitted in evidence, since such fact does not tend to show that the plaintiff's version of her troubles was not true nor does such a courtesy show a condonation of her grievance.

APPEAL from the circuit court of Forest county.
HON. PAUL B. JOHNSON, Judge.

Suit by Mrs. E. T. Saucier against Dr. T. E. Ross. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Mize & Mize* and *Money & Brown*, for appellant.

In the case of *Davis* v. *Kerr*, 239 Pa. 86, Atl. 1007, 46 L. R. A. (N. S.) 611, a case on all-fours with the instant case, and with all the authorities collated in the note of L. R. A., it was held: 1. Surgeons cannot relieve themselves from liability for injury to a patient by leaving a sponge in the wound after an operation, by adoption of a rule requiring the attending nurse to count the sponges used and removed, and relying upon such count as conclusive that all sponges have been accounted for. 2. The burden of showing care is upon a surgeon who leaves a sponge inclosed in a wound after the performance of an operation.

*Ruth* v. *Johnson*, 96 C. C. A. 643, 172 Fed. 191, where a surgeon was held liable for injuries resulting from his leaving a gauze sponge in the abdominal cavity of the

patient. Practically all of the cases we have been able to find on this subject are collated in the note to *Davis* v. *Kerr, supra. Samuels* v. *Willis,* a Kentucky case reported in 19 Am. & Eng. Ann. Cases, p. 188, and very instructive note thereto, is a case where the facts are practically the same as in the case at bar; and we especially invite the court's attention to the case and the note appended thereto.

The court also admitted in evidence a telegram sent by appellant's husband to Dr. Ross, and a Christmas card, sent by appellant to Dr. Ross, after the tube had been removed by Dr. Ross, the appellant having objected to the admission of same. This was clearly incompetent. While it does not amount to anything if the case is affirmed, yet, if it should be reversed, we hope the court will pass on it, as on what theory the court admitted it we cannot see.

Any casual inspection of the record will show that every ruling of the court was hostile to appellant. The appellee was very fortunate in the record throughout. Not only did he receive a peremptory instruction but all the court's rulings were in his favor. The record will disclose that several instances occurred where the appellee would make objection to a perfectly competent question of appellant and the court would observe: "It is objectionable, but I will let him answer it." Of course the court, if the question was objectionable, should have sustained the objection, yet he let the question be answered with the string to it that it was objectionable. We cannot see on what theory in the world the telegram record and the Christmas card record were admitted in evidence.

In conclusion, we say that this was a question for the jury to determine, as to whether or not Dr. Ross negligently left the tube and gauze in plaintiff. As this is a case where a peremptory instruction was given for the appellee, all appellant's evidence is to be taken as true

together with all reasonable deductions therefrom in her favor.

We would also cite the court to the case of *Richardson* v. *Dumas,* 64 So. 459, a Mississippi case, holding that the owner of a private hospital is liable for the acts of his employees; so, if Dr. Ross or any of his employees left the tube in appellant, he is liable therefor.

*Tally & Mayson,* for appellee.

We submit that the question as to when and how this drainage tube happened to be left in this wound was purely conjectural. Sure it is that the proof positively shows that the gauze taken out of this wound was not the kind of gauze used at the hospitals, but homemade gauze; and we understand that it is common knowledge that when a drainage tube is inserted that there is usually gauze placed over it and pinned to it with a safety pin to prevent it from going too deep in the incision, and that those tubes are changed from day to day and time to time until the wound gets well or ceases to separate, and when we go into the field of conjecture, we can only reach through our imagination one result—that some of the doctors handling her after she went home, or some of the nurses who left the patient without instructing the nurse who came after her as to what she had done, failed to securely fasten this drainage tube and the other nurse negligently and improperly cleaned the wound, and therefore, did not find it and permitted the flesh to grow up around it and practically closed over it and hence the long trouble and long delay in finding the tube.

The little courtesies that it appears in this record, and the special interest taken by the appellant and her husband in Dr. Ross, the surgeon who had no doubt saved her life, clearly indicate that this suit was an afterthought, and that for several years it never entered her mind that Dr. Ross was to blame for this tube being left in her

side; and hence the lateness in the filing of this suit. And they are still confronted at every step and turn in the case with the language of the physician when he extracted it from her side and showed her what he had found, when she then and there sought to saddle the blame on somebody, that he merely said: "There are so many fingers in the pie that we cannot say who is to blame." And we submit that this same condition confronted the learned court below when he gave the peremptory instruction for the appellee; they had not satisfied the court by proof that Dr. Ross was to blame, and hence the court did what he ought to have done—peremptorily instructed the jury to return a verdict in favor of the defendant.

*Alexander & Alexander* and *S. E. Travis,* for appellee.

It is perfectly apparent in the light of the real case in hand that none of the authorities cited and relied on by counsel for appellant shed any light upon the questions for determination. The first case they cite, *Davis* v. *Kerr,* 46 L. R. A. (N. S.), 611, is manifestly the basis for the declaration, especially for the allegation therein confining the complaint to the day of the operation and to the specific pieces of tube and gauze then used, and is doubtless responsible for appellant's proofless cause. In that case, Mrs. Davis was operated on by her surgeon, Dr. Kerr, at a hospital mutually agreeable to the parties. The diseased part was reached through an incision into the abdominal cavity which had to be large enough to admit of the hand of the operator. In every such operation, pads or sponges have to be introduced into the abdominal cavity through the opening to take up the secretions, and separate the wall of the intestines from the field of the operation, etc. These pads or sponges were all supposed to be removed before closing up the incision. The nurses, by the custom prevailing at the hospital, were required to keep an accurate count of the pads or sponges used. The surgeon, at the conclusion of the operation,

relied on the nurse's count, closed up the incision, and one of the sponges was by reason of the nurse's miscount left in the wound for some months and had to be removed by a second operation. The surgeon defended on the theory that, while he had left the sponge in the wound, he had depended on and was misled by the nurse's count, and that, therefore, the nurse alone was at fault. The court's decision was based upon rulings of the lower court and was to the effect that where the surgeon admitted leaving the sponge in the wound under such circumstances, it was for the jury to say whether or not he had discharged his whole duty to his patient by simply relying on the nurse's count. In other words, the question was not as to who left the sponge in the wound, but whether the surgeon who admitted the fact was negligent in accepting the nurse's count under the particular circumstances of that case.

Now, if the appellee had admitted, or the proof had shown that the specific pieces of tube and packing found in the wound were left there by the appellee on the day of the operation in November, 1910, as alleged, and that they remained there until December, 1912, as alleged, then this Kerr case would be somewhat analogous to the one at bar, but the very opposite is the truth as the appellant herself testified and the case therefore, has not the remotest bearing on the inquiry before the court.

The case of *Ruth v. Johnson*, 177 Fed. 191, is wholly inapplicable. The sole question there was whether the surgeon sewed up the wound of his patient after the operation, leaving in the abdominal cavity a pad of gauze some nine and one-half by eleven and one-half inches. We presume no one would dispute that such state of facts unexplained would amount to negligence. The court held that the testimony was sufficient to carry the case to the jury on that point. The appellant here alleges a somewhat similar case, but overturned it by her own testi-

mony, and the case, therefore, lends no support to counsel's contention.

The same may be said of the case of *Samuels* v. *Willis*, 19 American & English Annotated Cases, 188. There was testimony to support the allegation in the complaint to the effect that the surgeon sewed up the gauze in the wound on the day of the operation, and the court held that it was for the jury to say whether or not such act constituted negligence in that case. The following is quoted from the note to said Samuels case, so confidently relied on by counsel and by which their theories are exploded:

"In *Humiston* v. *Palmer*, decided Dec. 19, 1910, in the Ohio circuit court, eighth circuit, it was held that the chief surgeon was not liable for the negligence of persons assisting in an operation, resulting in a sponge being left in the abdominal cavity, where such assistants were furnished to the patient by the hospital at which the operation took place, though they were, during the operation, necessarily required to obey the orders of the chief surgeon. And in *Harris* v. *Fall*, 177 Fed. 79, 100 C. C. A. 497, 27 L. R. A. (N. S.), 1174, it was also held that the chief surgeon was not necessarily liable after properly performing an operation, for a gauze swab being left in the body of the patient, through the negligence of employees of the hospital furnished to the plaintiff. In that case the court quoted with approval from *Akridge* v. *Noble, supra.* 19 Am. & Eng. Ann. Cases, 191.

Counsel finally cite the case of *Richardson* v. *Dumas*, 64 So. 459, holding that the owner or proprietor of a private hospital, operated for profit, which is not charitable, is liable in damages for the negligence of his employees. The case at bar contains no such issue. There is no proof that any of the employees of the hospital left the tube or gauze in the wound, and there is no proof to the effect that the appellee either owned or was employed by the hospital. So, as will be seen, none of the cases

cited by counsel support in the least their contention. The cases all relate to foreign substances sewed up in the wounds at the time of the operations under consideration, while, in the case at bar, the proof shows that the tube and packing complained of in the declaration were promptly removed from the wound.

The conclusion is therefore inevitable, in the light of the law relied on by opposing counsel as well as of the law applying to the case in hand, that the action of the trial court complained of is correct in matter of law as well as in matter of fact.

POTTER, J., delivered the opinion of the court.

This is a suit brought by Mrs. E. T. Saucier against Dr. T. E. Ross, in the circuit court of Forest county, upon allegations in the declaration that the defendant had been negligent in an operation on appellant for an abscess, and the subsequent treatment.

The gravamen of the plaintiff's suit is that the defendant had left certain foreign substances in her body, after the operation, for such length of time that her wounds partially healed, covering up the said foreign substances, alleged to have been a rubber drainage tube, about four inches long and one-quarter of an inch in diameter, and gauze packing used about the operation.

The plaintiff swore Dr. Ross was her physician at the time the operation in question was performed; that he performed the operation, attended her from time to time while she was in the hospital, and finally discharged and sent her home; that Dr. Ross had put a rubber tube in her wound; that he was the only doctor who had done this; that he had charge of the case, and that he had left the rubber tube in her wound, and that the flesh had grown over same; and that after this rubber tube had been in her side for nearly two years, she again went to Dr. Ross, who cut same out, and upon being charged by Mrs. Saucier with having left the rubber tube in her, he made no denial. The testimony rather tended to show

that gauze which came out of her wound was not the same gauze put there by Dr. Ross, but gauze which had been used after the patient reached her home. The testimony shows that so long as the rubber tube was in her body, the wound in her abdomen caused by the operation would not yield to treatment, and that she suffered severely therefrom. The testimony further shows that when the rubber tube was removed from her body, the wound healed up promptly. In addition to this, the testimony for the plaintiff shows that she spent large sums of money for doctor's bills, and otherwise, in the treatment of this wound.

Upon motion, the trial judge excluded the plaintiff's testimony. This was error. Unexplained, the leaving of a four-inch rubber tube in a patient's body by a physician is negligence, and it occurs to us that it would be very difficult for a physician to explain how he could leave a rubber tube in a patient's body, until the wound healed over same, and not be guilty of negligence in the treatment of his patient.

It is no answer to plaintiff's suit that the rubber tube may have been left in her wound by an attendant nurse or another physician in the hospital. She testified that Dr. Ross was her physician and operated on her and attended her while in the hospital, and that the other physicians were acting under his directions in the treatment of her, and that he discharged her from the hospital at the time she left.

On cross-examination of the plaintiff, the defendant was permitted, over objection, to introduce in evidence a telegram of good wishes and a Christmas card from the plaintiff and her husband to Dr. Ross, sent after the discovery of the rubber tube in her body. This testimony was incompetent and should have been excluded. It does not tend to show that the plaintiff's version of her troubles is not true, nor would any such courtesies show a condonation of her grievances.

*Reversed and remanded.*