**Mattie HORNBECK, Appellant,**

v.

**FOOD BASKET NUMBER I, Appellee.**

*Court of Appeals of Kentucky.*

March 16, 1973.

Rehearing Denied June 1, 1973.

S. J. Stallings, Eugene L. Mosley, Louisville, for appellant.

William A. Blodgett, Jr., Frank P. Doheny, Jr., Woodward, Hobson & Fulton, Louisville, for appellee.

PALMORE, Chief Justice.

Plaintiff, Mattie Hornbeck, appeals from a judgment on a peremptorily directed verdict at the close of her testimony in a suit against the appellee grocery company for personal injuries.

During the noon hour of July 19, 1968, Mrs. Hornbeck, a lady 73 years of age, purchased some grocery items in the defendant's store and paid for them at the check-out counter, where they were placed in her shopping bag by the cashier. She had used a grocery cart while selecting the merchandise, but instead of pushing it ahead of her as she entered the check-out lane she pulled it behind and then pushed it back when she had unloaded its contents onto the check-out counter. After the shopping bag had been filled with her purchases it was placed on the counter to her left, whereas in order to proceed outward from the check-out counter and toward the store entrance it was necessary for her to turn to her right. In executing this movement, after picking up the shopping bag she took a step either sidewise or backward and trod on a small bundle of grocery sacks, which caused her to lose her balance and fall against the edge of the counter. According to Mrs. Hornbeck's testimony, one of the employes of the grocery company at once removed the sacks and acknowledged having thrown them on the floor and forgotten to pick them up. Admittedly, Mrs. Hornbeck could have seen the sacks on the floor had she looked.

In directing a verdict the trial court relied on O. K. Tire Store # 3, Inc. v. Stovall, Ky., 392 S.W.2d 43 (1965), rejecting the applicability of Winn-Dixie Louisville, Inc. v. Smith, Ky., 372 S.W.2d 789 (1963).

Although the plaintiff in *O. K. Tire Store # 3, Inc.* was a business invitee he was in the work area of the store, where tires were serviced and mounted and where the presence on the floor of various supplies and equipment used in the work should have been anticipated. As a matter

of fact, he had passed within one or two feet from the bucket, which was in open view, before reaching the position from which he backed into it. The case is not applicable here.

In Winn-Dixie Louisville, Inc. v. Smith the plaintiff, in turning to place some fruit in her grocery cart, stepped into a cardboard trash receptacle on the floor of the aisle. In affirming a verdict and judgment in her favor this court held that the exercise of ordinary care for her own safety did not as a matter of law require her to look directly down at her feet with each step taken, because she was entitled to assume that the floor of a grocery market would be free of obstructions of a dangerous nature. It was further said in the opinion that "whether the movement executed by appellee, and which preceded her fall, constituted a step backward or a step to the side is of no real significance." 372 S.W.2d at p. 792.

It is our opinion that this case clearly falls under Winn-Dixie Louisville, Inc. v. Smith, Ky., 372 S.W.2d 789 (1963). It seems to us that if there is one area in a grocery store where a customer is least likely to be scanning the floor it is in and around the check-out counter, where she must unload the grocery cart and get it out of the way, pay for the items bought, pocket her change, and see to the transportation of her purchases. Whether the plaintiff in this case was negligent in failing to observe the obstruction on the floor before stepping toward it is simply a jury question.

The judgment is reversed for further proceedings consistent with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.