John A. LAWS, Appellant,

v.

John S. HARTER, M.D., and Marvin A. Bowers, M.D., Appellees.

Court of Appeals of Kentucky.

Oct. 17, 1975.

As Modified on Denial of Rehearing
April 16, 1976.

Alan N. Leibson, J. Leonard Rosenberg, Louisville, for appellant.

John T. Ballantine, Ogden, Robertson & Marshall, Louisville, for appellees.

VANCE, Commissioner.

This is an appeal from a judgment entered pursuant to a directed verdict which dismissed appellant's claim.

The appellant was admitted to St. Joseph's Infirmary where thoracic surgery known as a Heller Procedure was performed on February 29, 1968, by the appellee Dr. John S. Harter. This surgery did not give the desired results and on March 18, 1968 a second type of thoracic surgery known as a Thal Procedure was performed by Dr. Harter. The appellee Dr. Marvin A. Bowers was anesthesiologist for the second operation.

In the Thal Procedure an opening was made in the chest wall through the scar tissue formed by the incision for the Heller Procedure. The Thal Procedure was considerably more complicated because once entry was gained to the chest cavity an additional incision was made through the diaphragm so that the surgeon had access to both the chest cavity and the abdominal cavity.

Before the incision in the diaphragm was closed a sponge count was made and reported to be accurate. The incision in the diaphragm was then sutured.

A second sponge count was made prior to closing the incision through the chest wall and it was discovered that one sponge was missing. A search for the sponge was made in the chest cavity to no avail.

The sponges contained an opaque material to make them visible in X-rays but neither Dr. Harter, Dr. Bowers nor the radiologist was able to locate the sponge in the patient although two X-ray pictures were taken for that purpose.

The appellees decided, upon medical considerations, that it would be better to close the patient and later explore for the missing sponge if it could be located. It should be pointed out that a sponge count which showed a missing sponge did not necessarily mean that the missing sponge was inside the patient since it was shown that used

sponges sometimes fell upon the floor of the operating room and could stick to the shoe soles of operating room personnel and be carried from the operating room inadvertently.

X-rays of the appellant taken at a later date revealed a sponge located in his abdomen but he was not told of that fact. Dr. Harter testified that an exploratory operation on the stomach was necessitated because of a suspected retroperitoneal fibrosis and during the course of this exploratory operation the sponge was removed. No retroperitoneal fibrosis was discovered.

The appellant developed a chronic empyema, a collection of pus in a localized area, in the chest cavity which required extensive hospitalization and resulted in serious physical impairment.

The appellant's theory of liability is as follows: (1) It was negligence per se for the doctor to leave a sponge inside the patient; (2) the sponge which was left inside appellant's body was the source of infection which caused the empyema; (3) in the alternative, the empyema was caused by the premature removal by Dr. Harter of a tube which drained the chest cavity and (4) additional surgery was necessary to remove the sponge.

■ We conclude that appellee, Harter, was negligent as a matter of law. It may be true, as he claims, that when it was discovered that a sponge was missing, he exercised to the highest degree all of the skills known to the medical profession in his attempt to locate the missing sponge, and having failed to locate it, the condition of the patient at that time may have been such that any reasonably prudent surgeon would have closed the patient.

However exemplary the care given to appellant after discovering that a sponge was missing, the fact remains that when the incision through the diaphragm was closed a sponge was left in the abdomen. The sponge count at that time failed to show any sponge missing but in truth one

of the sponges was missing and the count was inaccurate. The failure to correctly account for the sponges under the circumstances constituted negligence as a matter of law.

There is no evidence in this case (which arises to the dignity of a reasonable probability as contrasted with a possibility) that the sponge was the cause of the chronic abscess and empyema which developed in appellant's chest cavity. The sponge was recovered from the abdomen and the empyema was confined to the chest. The two body cavities are separated by the diaphragm and the medical evidence discounted rather than supported the probability that the sponge in the abdomen caused the empyema in the chest cavity.

Although there was much evidence that the premature removal of a drainage tube following a chest operation will likely result in chronic abscess and the formation of an empyema there was no evidence that the tube was prematurely removed in this case and the fact that an empyema developed will not support an inference that the tube was removed prematurely.

The appellant contends that Dr. Harter's testimony constituted an admission that the empyema in this case developed as a result of his premature removal of the drainage tube. We have examined his testimony and find that it is not subject to such a construction.

Although we hold the evidence was insufficient to establish a causal relationship between any negligence of Dr. Harter and the damage caused to appellant by the empyema, if additional surgery was necessary to remove the sponge the appellant is entitled to recover the damages, if any, attributable to that surgery.

The appellee contends that no additional surgery was necessary since the exploratory operation was a more urgent matter than the removal of the sponge. By the same token it could be said that the exploratory operation was unnecessary since the exploration could have been carried out during the operation to remove the sponge. We think it was a question for the jury as to whether additional surgery was necessary to remove the sponge.

Appellee also contends that no evidence was introduced by the appellant at the trial as to the damage, if any, which resulted from the operation during which the sponge was removed.

There was evidence that an abdominal operation was performed during which the sponge was removed. That appellant suffered some pain, discomfort and mental anguish as a result of that operation is not a matter of *pure* speculation and under these circumstances the mere fact that the negligence of appellee, Harter, caused appellant to be subjected to an additional surgical procedure, if that finding is made by a jury, is sufficient to support a reasonable recovery for pain and suffering.

There was no evidence of liability on the part of the appellee Dr. Bowers, and the judgment dismissing the action as to him is affirmed.

The judgment dismissing the action as to the appellee, Harter is reversed with directions that appellant be granted a new trial as to him. On a new trial the jury will be instructed to find for the plaintiff if it is satisfied from the evidence that the last operation upon the plaintiff was necessary for the removal of the sponge.

The jury should be instructed that if it finds for the plaintiff it should award him such sum in damages as will reasonably compensate him for pain and suffering resulting from the last operation. If the evidence on the new trial is sufficient to raise a jury issue as to loss of earnings, medical and hospital expenses and permanent impairment of his power to earn money resulting from the last operation alone, those issues should be submitted under proper instructions.

The evidence on the new trial will be limited to the issues of whether appellant was required to undergo additional surgery for the removal of the sponge and, if so, the

damage which appellant sustained as a result of the additional surgery.

All concur except Stephenson, J., who dissents.