**Narong CHALOTHORN, M.D., Appellant,**

v.

**Linda MEADE and Kevin D. Meade, Appellees.**

No. 1998–CA–002693–MR.

Court of Appeals of Kentucky.

Dec. 10, 1999.

As Modified March 17, 2000.

Case Ordered Published by Court of Appeals March 17, 2000.

---

James P. Grohmann, Beth H. McMasters, Louisville, Kentucky, for Appellant.

Keith Bartley, Prestonsburg, Kentucky, for Appellees.

BEFORE: COMBS, DYCHE, and McANULTY, Judges.

## OPINION

DYCHE, Judge.

Dr. Narong Chalothorn appeals from a judgment in the amount of $500.00 entered against him in the Floyd Circuit Court. That court had granted appellees Meade a summary judgment finding Dr. Chalothorn to have been negligent as a matter of law in his treatment of Mrs. Meade; a jury had then apportioned fault for her injuries 1% to Dr. Chalothorn, and 99% to Consolidated Health Systems, Inc.

Mrs. Meade was an obstetrical patient of Dr. Chalothorn. She was extremely overweight, and a heavy smoker; her pregnancy was therefore a complicated matter, with high risk to her baby. During labor, the baby began to suffer signs of distress, necessitating a cesarean delivery, which was difficult because of Mrs. Meade's weight of 350 pounds; she began to bleed profusely, and the extraction of the baby required extra assistance.

After the baby was delivered successfully, Dr. Chalothorn inquired of the circulating nurse whether all sponges used in the procedure were accounted for. Hospital regulations require the circulating nurse, with the help of the scrub technician, to count the sponges and instruments prior to an operation, and three times at the conclusion. She initially informed Dr. Chalothorn that one sponge was missing, and he began searching Mrs. Meade's abdominal cavity for it; during this time, the circulating nurse called the nursery and was informed that a sponge had accompanied the baby from the operating room to the nursery. She then informed Dr. Chalothorn that the count was correct, and he closed the incisions, finishing the operation.

Only at this point did the hospital staff determine that the sponge in the nursery was not a surgical sponge. Dr. Chalothorn then arranged for the removal of the sponge, which was accomplished by laparoscope, without complications, three days after the delivery.

Mr. and Mrs. Meade brought this action to recover money damages for the injuries

suffered by Mrs. Meade, and the loss of her consortium by Mr. Meade, caused by the alleged negligence of the hospital and Dr. Chalothorn. The hospital settled the claim with the Meades, and the action proceeded against Dr. Chalothorn.

The Meades filed a motion for summary judgment. The memorandum supporting this motion is absent from the record, and is not contained in appellees' brief, so we must assume that the trial court's judgment incorporated the grounds asserted by them. The summary judgment finds that "the failure of the Defendant, Narong Chalothorn, to correctly account for the sponges utilized in the cesarean section ... constitutes negligence as a matter of law." The trial court cited *Laws v. Harter*, Ky., 534 S.W.2d 449 (1975), as authority for its ruling. It then conducted a jury trial on the issues of apportionment of damages between Dr. Chalothorn and the hospital, and the damages suffered by the Meades. The jury returned the above described verdict, finding damages of $50,000 and 1% fault by Dr. Chalothorn. This appeal followed.

Dr. Chalothorn argues here, as he did below, that there is a material issue of fact which precludes summary judgment. He responded to the summary judgment motion with affidavits made by himself and other physicians in which they indicated that, in their professional opinion, Dr. Chalothorn had complied with the standard of care required of a reasonably prudent physician in the same or similar circumstances. We find these affidavits sufficient to defeat the motion and to allow Dr. Chalothorn to present his case to a jury on the issue of negligence.

In ruling on such a motion, the trial court must view the evidence in the light most favorable to the party opposing the motion. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476, 482 (1991).

The trial court apparently disregarded the affidavits opposing the motion.

While the jury might not give such testimony credibility at trial, upon such a motion, it is incumbent upon the trial court to accord these affidavits the weight required by *Steelvest* and its progeny.

The *Laws* case is distinguishable from the present case in that the physician in *Laws* was aware that a sponge was missing when he decided, for medical reasons, to go ahead and close the incision. He apparently felt that it was better to go ahead and close the patient and try to find the sponge later (either inside or outside of the patient) than to leave the patient open for an extended period of time. The Court of Appeals held that closing the patient with a missing sponge was negligence *per se*.

In the present case, the sponge count was reported to Dr. Chalothorn as correct. There was no decision to close Mrs. Meade's incision while a sponge was unaccounted for.

The judgment of the Floyd Circuit Court is vacated, and this matter is remanded for trial on the issue of liability alone.

COMBS, Judge, concurs.

McANULTY, Judge, dissents.