**Carroll L. WITTEN, Jr., M.D., and Witten, Sherman & Catalano, PLLC, Appellants**

v.

**Bonnie PACK, Administratrix for the Estate of James Pack, Appellee.**

No. 2005–SC–000414–DG.

Supreme Court of Kentucky.

Nov. 1, 2007.

James P. Grohmann, O'Bryan, Brown & Toner, Louisville, KY, Counsel for Appellant.

Gary R. Hillerich, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

Appellants, Carroll L. Witten, Jr., M.D. and Witten, Sherman & Catalano, PLLC, appeal from a decision of the Court of Appeals overturning a jury verdict in their favor in this medical malpractice action. The Court of Appeals held that Dr. Witten, an orthopedic surgeon, was negligent as a matter of law for slipping in the operating room while holding a patient's leg. This matter is before us on discretionary review.

On appeal to this Court, Appellants argue that setting aside the verdict was improper because Dr. Witten was not negligent as a matter of law. For the reasons set forth herein, we reverse the Court of Appeals and reinstate the judgment of the Jefferson Circuit Court.

## I. FACTS

James Pack underwent hip replacement surgery performed by Dr. Witten on July 25, 2001. After completing the surgery, Dr. Witten slipped on liquid on the operating room floor while holding Mr. Pack's leg. Shortly after the fall, Dr. Witten moved the hip through a range of motion and determined that it was not dislocated. However, while Mr. Pack was in the recovery room, an x-ray revealed that the hip was indeed dislocated. Dr. Witten then put the hip back into place. Mr. Pack was subsequently released from the hospital on July 29, 2001.

Mr. Pack returned for a follow-up visit on August 13, 2001. At the appointment, Dr. Witten discovered that the hip was again dislocated and performed a second surgery. Mr. Pack's hip unfortunately be-

came dislocated again prior to his release from the hospital, but a third surgery was successful in stabilizing it.

A few months later, a physician at a pain management clinic prescribed methadone to Mr. Pack. Mr. Pack died on November 30, 2001, the day he started taking methadone.

Appellee, Bonnie Pack, brought a medical malpractice action, in her capacity as administratrix of her deceased husband's estate, against Dr. Witten and his practice. The matter was tried before a jury. At trial, Appellee moved for a directed verdict on the issue of liability, which was denied. The jury returned a verdict in favor of Appellants. Appellee then moved for judgment notwithstanding the verdict or, in the alternative, for a new trial, arguing that Dr. Witten's statement that he had dropped Mr. Pack's leg constituted a judicial admission entitling her to a directed verdict on the issue of breach of the standard of care. The circuit court denied the motion.

On appeal, the Court of Appeals vacated the judgment of the circuit court and remanded for a new trial. Specifically, the Court of Appeals concluded that the circuit court erred in failing to direct a verdict in Appellee's favor with respect to the initial accident of the jerking of Mr. Pack's leg in the operating room. In so doing, it held that Dr. Witten was negligent as a matter of law for slipping. This appeal followed.

## II. ANALYSIS

■ The Court of Appeals held that:

[T]he jury should have been instructed that the doctor was negligent as a matter of law with respect to the initial accident of the jerking of his patient's leg in the operating room. Because we are unable to determine the possible impact on the jury caused by the trial court's failure to direct a verdict on this issue, the entire verdict is tainted.

*Pack v. Witten,* No.2004–CA–000551–MR, slip op. at 9, 2005 WL 497202 (Ky.App. Mar.4, 2005). Appellants contend that the Court of Appeals incorrectly determined Dr. Witten was negligent as a matter of law and, therefore, setting aside the verdict was error.

■ The applicable standard of review for a directed verdict is as follows:

[W]hen an appellate court is reviewing evidence supporting a judgment entered upon a jury verdict, the role of an appellate court is limited to determining whether the trial court erred in failing to grant the motion for a directed verdict. All evidence which favors the prevailing party must be taken as true and the reviewing court is not at liberty to determine credibility or the weight which should be given to the evidence, these being functions reserved to the trier of fact. The prevailing party is entitled to all reasonable inferences which may be drawn from the evidence.

*Bierman v. Klapheke,* 967 S.W.2d 16, 18 (Ky.1998). A verdict is not to be disturbed unless the appellate court finds that it is "palpably or flagrantly against the evidence so as to indicate that it was reached as the result of passion or prejudice." *Id.*

In support of their argument that Dr. Witten was not negligent as a matter of law, Appellants cite to a number of slip and fall cases where the issue of negligence was for the jury to decide.[1] Howev-

---

1. *See Wal–Mart Stores, Inc. v. Lawson,* 984 S.W.2d 485 (Ky.App.1998) (holding that negligence of a store customer in failing to perceive a strip of black substance was a question for the jury); *Jones v. Winn–Dixie of Louisville, Inc.,* 458 S.W.2d 767 (Ky.1970) (holding that negligence of a pedestrian in tripping over a concrete abatement on the

er, we do not find the slip and fall cases to be controlling with respect to medical malpractice actions.

We do find persuasive the cited medical malpractice cases where the physician was not held to be negligent as a matter of law. For example, it was not negligence as a matter of law when a dentist slipped while drilling on a patient's tooth, *Neal v. Wilmoth*, 342 S.W.2d 701 (Ky.1961), or when a dentist left a broken fragment of a tooth embedded in a patient's jaw, which could have been easily discovered, *Butts v. Watts*, 290 S.W.2d 777 (Ky.1956).

On the other hand, Appellee contends that the present case is analogous to medical malpractice actions where a foreign object is left in a patient's body during surgery. With respect to retained foreign bodies, this Court held that a surgeon who closed an incision after an inaccurate sponge count had failed to show that a sponge was missing was negligent as a matter of law. *Laws v. Harter*, 534 S.W.2d 449 (1975). However, we decline to extend the rationale of *Laws* to the present case. In *Laws*, there was no legitimate explanation for the sponge being left in the patient's abdomen other than an act or omission by the physician. In this matter, however, we do not know who or what caused the slippery condition on the operating room floor. Moreover, we do not know whether the accidental slip caused the hip dislocation because, as pointed out by Appellants, dislocation is a risk of hip replacement surgery. We therefore hold that the question of whether or not Dr. Witten was negligent was appropriately submitted to the jury.

The Court of Appeals additionally determined that Dr. Witten's testimony that he slipped in the operating room constituted a judicial admission of negligence. "A judicial admission ... is a formal act of a party (committed during the course of a judicial proceeding) that has the effect of removing a fact or issue from the field of dispute; it is conclusive against the party and may be the underlying basis for a summary judgment, directed verdict, or judgment notwithstanding the verdict." Robert G. Lawson, *The Kentucky Evidence Law Handbook* § 8.15[4], at 590 (4th ed. LexisNexis 2003) (emphasis omitted). Testimony of a party may constitute a judicial admission if "deliberate and unequivocal and unexplained or uncontradicted." *Bell v. Harmon*, 284 S.W.2d 812, 815 (Ky.1955). However, judicial admissions should be "narrowly construed." *Lewis v. Kenady*, 894 S.W.2d 619, 622 (Ky.1994). Whether a statement is a judicial admission is a question of law that we review de novo. *Reece v. Dixie Warehouse and Cartage Co.*, 188 S.W.3d 440, 448 (Ky.App. 2006).

We disagree with the Court of Appeals that Dr. Witten's testimony constituted a judicial admission of negligence. Although Dr. Witten admitted to slipping, he denies that it caused Mr. Pack's hip to become dislocated. Dr. Witten testified that, soon after he slipped, he put Mr. Pack's hip through a range of motion to confirm that he had not dislocated it. In fact, there was a disputed issue of fact among the

premises of a grocery store was a question to be resolved by the jury); *Hornbeck v. Food Basket No. 1*, 494 S.W.2d 87 (Ky.1973) (holding that whether a customer was negligent in failing to observe a bundle of grocery sacks on the floor before stepping toward it is a jury question); *Downing v. Drybrough*, 249 S.W.2d 711 (Ky.1952) (holding that a patron was not guilty of contributory negligence as a matter of law for slipping while leaving a parking lot via the wrong aisle); *Kroger Grocery & Baking Co. v. Monroe*, 237 Ky. 60, 34 S.W.2d 929 (Ky.1931) (holding that a customer was not guilty of contributory negligence as a matter of law even though she knew the oil was on the floor before her slip and fall).

witnesses as to whether the slip caused the dislocation. In particular, Appellants presented expert testimony that dislocation is a known risk of hip replacement surgery. Moreover, there was no expert testimony indicating that the slip constituted a breach of the standard of care.

Thus, it was for the jury to decide whether Dr. Witten was negligent when he slipped on liquid in the operating room while holding Mr. Pack's leg. Therefore, we conclude that the Court of Appeals erred in holding that Dr. Witten was negligent as a matter of law, and that the circuit court correctly denied Appellee's directed verdict motion. *See Biernan,* 967 S.W.2d at 18.

### III. CONCLUSION

For the foregoing reasons, we reverse the decision of the Court of Appeals and reinstate the judgment of the circuit court.

All sitting. All concur.